# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JOSE GONZALEZ and ALLEGRA VIAMONTE,**

    **Plaintiffs,**

v.                                       Case No. 8:08-cv-1910-T-30TGW

**COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO, INC.,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiffs' First Motion in Limine (Dkt. 67) and Defendant's Response to same (Dkt. 71). The Court, having reviewed the motion, response, and being otherwise advised in the premises concludes that Plaintiffs' First Motion in Limine should be granted.

Plaintiffs' First Motion in Limine relates to Fl. Stat. §627.7073 and the presumption of correctness. Specifically, Plaintiffs seek to prohibit Defendant from making reference to, or making any argument to the jury, that Fla. Stat. §627.7073 provides a rebuttable presumption.

On December 9, 2009, while Plaintiffs' First Motion in Limine was pending, Florida's Second District Court of Appeal issued an opinion holding that: "Absent a clear legislative directive, we must conclude that section 627.7073(1)(c) is a 'vanishing' or 'bursting bubble' presumption that affected only [Plaintiff's] burden of producing evidence." Warfel v.

Universal Ins. Co. of North America, 2009 WL 4640882, *3 (Fla. 2d DCA Dec. 9, 2009).

The court stated:

> [W]hen credible evidence comes into the case contradicting the basic fact or facts giving rise to the presumption, the presumption vanishes and the issue is determined on the evidence just as though no presumption has ever existed. Conversely, if the basic facts are sufficiently proven so as to give rise to the presumption and not thereafter contradicted by credible evidence, the party in whose favor the presumption exists becomes entitled to a directed verdict. Thus, in either event, the presumption is productive of these procedural consequences but is not a matter for the jury to consider. The jury is not told of this presumption.

Id.

Florida District Courts of Appeal are the law of Florida unless and until overruled by the Florida Supreme Court. David v. American Suzuki Motor Corp., 629 F. Supp. 2d 1309, 1322 (S.D. Fla. 2009) (citing Pardo v. State, 596 So. 2d 665, 666 (Fla. 1992)). Thus, "[a] federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." Id. (quoting Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983) (citations omitted)).

At this point, and unless or until the Florida Supreme Court decides otherwise, this Court must apply the holding in Warfel, as it is the only Florida District Court of Appeal decision on the application and form of any presumption under Section 627.7073.

Accordingly, Plaintiffs' First Motion in Limine is granted.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' First Motion in Limine (Dkt. 67) is hereby **GRANTED.**

2. The parties are prohibited from making reference to, or making any argument to the jury, that Fla. Stat. §627.7073 provides a rebuttable presumption as set forth in <u>Warfel v. Universal Ins. Co. of North America</u>, 2009 WL 4640882, *3 (Fla. 2d DCA Dec. 9, 2009).

**DONE** and **ORDERED** in Tampa, Florida on December 16, 2009.

_____<br>
JAMES S. MOODY, JR.<br>
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1910.mtlimine.frm