UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE GONZALEZ and
ALLEGRA VIAMONTE,

    Plaintiffs,

v.                                      Case No. 8:08-cv-1910-T-30TGW

COOPERATIVA DE SEGUROS
MULTIPLES DE PUERTO RICO, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Amended Verified Motion for Attorneys' Fees and Costs and Memorandum of Law in Support (Dkt. 88) and Defendant's Response to same (Dkt. 95). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiffs are entitled to $82,652.50 in reasonable attorneys' fees, $49,323.75 in costs, prejudgment interest in the amount of $3,124.04, and postjudgment interest pursuant to 28 U.S.C. §1961. The Court also concludes that a multiplier is not appropriate under the facts of this case. Accordingly, Plaintiffs' motion should be granted in part and denied in part.

## BACKGROUND

This is an action for damages for breach of an insurance contract. The parties disputed whether the Insured Property was damaged by sinkhole activity. Prior to the trial, the parties reached a settlement. The settlement agreement did not include the amount of

attorneys' fees and costs. However, Defendant did stipulate to Plaintiffs' entitlement to reasonable attorneys' fees and costs. Plaintiffs' entitlement arises under Fla. Stat. §627.428, which mandates the payment of attorneys' fees by an insurer upon rendition of a judgment or decree by a court in favor of the insured. The parties stipulated that the date of entitlement to the attorneys' fees and costs was January 21, 2010.

Having established entitlement, this issue is before the Court on the amount of the attorneys' fees and costs Plaintiffs should recover as reasonable. Plaintiffs also seek a fee enhancement multiplier. Finally, Plaintiffs request prejudgment interest and postjudgment interest. Defendant opposes the amount of attorneys' fees and costs Plaintiffs are seeking, arguing that they are excessive. Defendant also argues that a multiplier is not appropriate under the facts of this case.

## **DISCUSSION**

Under fee shifting statutes like section 627.428 of the Florida Statutes, Florida courts have adopted the federal "lodestar" approach for calculating the appropriate amount of attorneys' fees owed to the prevailing party. *Fla. Patient's Compensation Fund v. Rowe,* 472 So. 2d 1145, 1146 (Fla.1985). Under this approach, the Court calculates the "lodestar," a product of the hours reasonably expended on the case multiplied by a reasonable hourly rate. *See id.* at 1150. In *Rowe,* the Florida Supreme Court outlined the factors to be considered in determining what hours and what rates are reasonable for a particular case. The factors are:

(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

*Id.* at 1150.

In some cases, a court may then choose to enhance the lodestar amount by a contingency risk multiplier; in other words, it multiplies the lodestar by an amount that reflects the nature of the risk the attorney undertook in accepting the case. *Id.* at 1151. Enhancing attorneys' fees by a multiplier is not mandatory in contingency-fee cases. *Standard Guaranty Ins. Co. v. Quanstrom,* 555 So. 2d 828, 834 (Fla. 1990). The party requesting the multiplier has the burden of proving that it is appropriate. The Florida Supreme Court has ruled that a trial court should consider three factors when determining whether a multiplier is necessary and justified: "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth

in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." *Id.* at 834. If a multiplier is justified, the amount of the multiplier is determined as follows:

> [I]f the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.

*Id.*

As an initial matter, the Court concludes that, in consideration of the attachments to Plaintiffs' motion and Defendant's response, the facts of this case in light of the *Rowe* factors, and the Court's own experience with these types of cases and attorney-billing in general, Plaintiffs are entitled to $82,652.50 in reasonable attorneys' fees. The Court reduced the hourly rate of Matthew R. Danahy, Esquire from $400.00 per hour to $375.00 per hour. The Court also reduced the hourly rate of Nancy Akins (Paralegal) from $115.00 per hour to $100.00 per hour. Additionally, the Court struck a total of $1,675.00 from Plaintiffs' billing records as excessive or duplicative hours. Contrary to Defendant's argument, the Court does not conclude that the amount of fees associated with Plaintiffs' experts was excessive and, under the facts of this case, it was not unreasonable for Plaintiffs to retain two engineering firms.

Next, the Court must consider whether a multiplier should be applied to the lodestar amount of $82,652.50. Plaintiffs argue that the three *Quanstrom* factors justify the application of a multiplier in this case. Plaintiffs contend that Plaintiffs' counsel was

required to accept this case on a purely contingency fee basis, the type of coverage dispute involved difficult and complex issues, it was anticipated that the case would limit the time Plaintiffs' counsel had for other clients, the result obtained was excellent, the case was under time pressure, no repeat or recurring business relationship exists with Plaintiffs, and Plaintiffs' counsel was highly experienced in the area of first party insurance claims.

Defendant argues that the Court should not consider any multiplier when calculating Plaintiffs' total award for attorneys' fees. Defendant contends that the case was settled prior to trial and that the case was not complex.

The Court agrees that a multiplier is not appropriate under the facts of this case. This case involved a sinkhole dispute, which is not novel or complex. These types of cases are unremarkable and typically "battle of the expert" cases, turning on issues of fact, rather than any complicated issue of law. The Court also concludes that the record is insufficient to demonstrate that market conditions require an enhancement. Moreover, the contingent nature of this case, in and of itself, does not justify a fee multiplier. Multipliers are not required simply on that basis. *Gimenez v. American Sec. Ins. Co.* 2009 WL 2256088, *2-4 (M.D. Fla. Jul. 28, 2009). Accordingly, the Court denies Plaintiffs' motion to the extent Plaintiffs seek a multiplier.

Turning next to the issue of the amount of Plaintiffs' costs, the Court notes as an initial point that in a federal case, sitting in diversity jurisdiction, the amount of costs is determined under Federal law, not state law. *Saadi v. Maroun*, 2009 WL 4730533, *2 (M.D.

Fla. Dec. 7, 2009). The costs are determined under 28 U.S.C. §1920, which neither party analyzed in their filings.

Having reviewed the record regarding Plaintiffs' costs, the Court concludes that Plaintiffs' costs in the amount of $12,104.38 for trial presentation animation and demonstrative aids should be stricken. Plaintiffs do not indicate how these costs were "necessary." *Curry v. Montgomery*, 2010 WL 883798, *7 (S.D. Fla. Mar. 9, 2010). Thus, Plaintiffs are entitled to $49,323.75 in costs ($61,428.13 - $12,104.38).

Plaintiffs contend that they are entitled to prejudgment interest on the attorneys' fees and costs awarded by the Court at the Florida statutory rate from the date of entitlement, which the parties stipulated was January 21, 2010. Defendant does not appear to object to Plaintiffs' request for prejudgment interest and, under *Quality Engineered Installation Inc. V. Higley South*, 670 So. 2d 929, 930-31 (Fla. 1996), prejudgment interest is appropriate on the Court's award of attorneys' fees and costs. Accordingly, Plaintiffs are entitled to prejudgment interest on the amount of $131,976.25 ($82,652.50 in attorneys' fees and $49,323.75 in costs) at the Florida statutory rate of 6%, which amounts to $3,124.04.[1]

Finally, Plaintiffs are entitled to postjudgment interest on the total award of $135,100.29 under the Federal statutory rate pursuant to 28 U.S.C. §1961. *Insurance Co. of North America v. Lexow*, 937 F.2d 569, 572 (11th Cir. 1991).

It is therefore ORDERED AND ADJUDGED that:

---

[1] This amount was determined using the statutory rate of 6% on the amount of $131,976.25 for a total of 144 days, from January 21, 2010 (the date of entitlement) to June 14, 2010 (the date of this order entering judgment on the amount of fees and costs).

1. Plaintiffs' Amended Verified Motion for Attorneys' Fees and Costs and Memorandum of Law in Support (Dkt. 88) is hereby GRANTED in part and DENIED in part.

2. Plaintiffs are entitled to $135,100.29 in attorneys' fees, costs, and prejudgment interest as set forth herein.

3. The CLERK is directed to enter judgment in favor of Plaintiffs and against Defendant in the amount of $135,100.29, with postjudgment interest accruing under the Federal statutory rate as set forth in 28 U.S.C. §1961 from the date of this Order.

4. The CLERK is directed to CLOSE this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1910.mtfees.frm